Gary D. Sesser
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
(212) 732-3200
*Attorneys for Defendants Archivio Alighiero Boetti,*
*Agata Boetti, Matteo Boetti and Annemarie Sauzeau*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
SPERONE WESTWATER INC. and                         :   Index No. 08 CV 03263 (RJH)
SPERONE WESTWATER GALLERY, LLC,    :   (THK)
                                                                              :
                                    Plaintiffs,                       :
                                                                              :
              - against -                                               :
                                                                              :
ARCHIVIO ALIGHIERO BOETTI, AGATA        :
BOETTI, MATTEO BOETTI and                          :
ANNEMARIE SAUZEAU,                                    :
                                                                              :
                                    Defendants.                     :
------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO STAY DISCOVERY</u>**

6337571.5

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD............................................................................................................ 3

ARGUMENT ......................................................................................................................... 4

POINT ONE
    DISCOVERY WOULD UNNECESSARILY BURDEN DEFENDANTS............................ 4

  A.   Merits Discovery is Burdensome and Unnecessary Where Defendants Seek Dismissal on a Preliminary Matter That Will Dispose of the Entire Case ........................ 4

  B.   Extensive Discovery on Defendants' Connections to the United States Would be Unnecessarily Burdensome................................................................................................ 9

  C.   Other Grounds for Motion to Dismiss also Militate in Favor of a Stay ........................... 12

POINT TWO
    A STAY OF DISCOVERY WOULD NOT UNFAIRLY PREJUDICE PLAINTIFFS ....... 13

POINT THREE
    DEFENDANTS' MOTION TO DISMISS IS NOT UNFOUNDED IN LAW .................... 14

CONCLUSION.................................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Akropan Shipping Corp. v. Nat'l Enter. Sonatrach*, No. 86 Civ. 4873,
   1990 WL 16097 (S.D.N.Y. Feb. 14, 1990) ................................................................. 5, 6

*Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147 (2d Cir. 1978) ......................... 9

*American Booksellers Ass'n v. Houghton Mifflin Co., Inc.*, No. 94 Civ.
   8566, 1995 WL 72376 (S.D.N.Y. Feb. 22, 1995) .......................................................... 5

*Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 U.S. Dist.
   LEXIS 2684 (S.D.N.Y. March 6, 1996) ........................................................... 3, 13, 14

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................... 7, 8, 9

*Chrysler Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991) ...................... 14

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800
   (1976) ............................................................................................................................ 14

*Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308 (S.D. Ind. 1997) ............................................ 12

*Florian v. Danaher Corp.*, 69 Fed. Appx. 473 (2d Cir. 2003) ............................................. 9

*Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004 (S.D.N.Y. Dec.
   14, 1994) ......................................................................................................................... 8

*Gear, Inc. v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323 (S.D.N.Y. 1986) ........................... 12

*Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694
   (1982) .............................................................................................................................. 4

*Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1988) ................................................. 10

*Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975) .............................. 11

*Ex parte McCardle*, 74 U.S. 506 (1868) .............................................................................. 5

*O'Brien v. Avco Corp.*, 309 F. Supp. 703 (S.D.N.Y. 1969) .................................................. 5

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ........................................................... 8, 9

*Ronar, Inc. v. Wallace*, 649 F. Supp. 310 (S.D.N.Y. 1986) ......................................... 10, 11

*Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574 (1999) ........................................................... 5

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S. Ct. 1184 (2007) ....................... 4

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522 (1987) .............................................................................. 6

*Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367 (S.D.N.Y. 2002) ............................................................................................................ 3

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ............................................... 5

*Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127 (2d Cir. 1987) ......................................... 8

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ................................................................ 12

### FEDERAL STATUTES & RULES

17 U.S.C. § 106A ................................................................................................................. 2

Fed. R. Civ. P. 12(b)(7) ...................................................................................................... 13

Fed. R. Civ. P. 26(b)(2)(c)(iii) ............................................................................................. 3

Fed. R. Civ. P. 26(c)(1) ................................................................................................... 1, 3

Fed. R. Civ. P. 26(c)(4) ........................................................................................................ 1

Fed. R. Civ. P. 26(d) ............................................................................................................ 3

### MISCELLANEOUS

Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 .................................................................................................................................. 9

Defendants Archivio Alighiero Boetti (the "Archivio", Agata Boetti ("Agata"), Matteo Boetti ("Matteo") and Annemarie Sauzeau (collectively "Defendants") submit this memorandum in support of their motion to stay discovery, pursuant to Fed. R. Civ. P. 26(c)(1) and 26(c)(4), until the disposition of Defendants' Motion to Dismiss the Complaint, dated July 14, 2008. Because Defendants' Motion to Dismiss raises well-founded questions as to whether this Court has jurisdiction to adjudicate this action at all, or should dismiss on prudential grounds such as *forum non conveniens*, and because plaintiffs Sperone Westwater Inc. and Sperone Westwater Gallery LLC (collectively, "Plaintiffs") essentially seek an advisory opinion as to the relationship between Italian law and U.S. law upon the hypothetical future enforcement of a potential Italian judgment, this Court should stay burdensome jurisdictional and fact discovery on foreign defendants while the Court considers whether this action may go forward.

## INTRODUCTION

This dispute concerns the authenticity of works of art, purportedly by the late Italian contemporary artist Alighiero Boetti (1940-1994) ("Boetti"); the alleged review of those works by the Archivio, a non-profit association located in Rome, Italy; and an effort to force the Archivio to list those works as authentic in a scholarly reference book the Archivio is preparing.

The works at issue in this dispute were exhibited or offered for sale by Plaintiffs, on behalf of Italian collector and gallery owner Renato Cardi ("Cardi"), owner of the Galleria Cardi (the "Cardi Gallery") in Milan, Italy. After questions were allegedly raised about the authenticity of some of those works, Plaintiffs threatened Defendants

6337571.5

-1-

with litigation in April 2006.[1] In January 2008, Defendants commenced an action in Milan, Italy against the Sperone Westwater Gallery, Cardi, and the Cardi Gallery, seeking, among other things, a determination that the disputed works were not created by Boetti and that, under Italian law, including Article 21 of the Italian Constitution, Defendants may express their opinions.[2]

Plaintiffs filed this action in April 2008 (without joining Cardi or the Cardi Gallery), seeking a declaratory judgment that the Visual Artists' Rights Act, 17 U.S.C. § 106A, trumps Italian law, and asserting various contingent and speculative tort and contract claims on the premise that Plaintiffs would be harmed *if* Defendants were to issue negative opinions in the future. This suit was plainly filed in retaliation for the filing of the Milan action.[3] The one item of actual damages alleged by Plaintiffs is below the $75,000 minimum for diversity actions.[4]

Defendants have filed a Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction over the dispute, because Plaintiffs' claims are not ripe and because Plaintiffs lack standing, and therefore there is no justiciable case or controversy, and because Plaintiffs fail to state a claim arising under federal law, and do not allege damages in the required jurisdictional amount; that the Complaint should be dismissed

---

[1] *See* Letter from Angela Westwater to Matteo Boetti, dated April 18, 2006, and Letter from Angela Westwater, Gian Enzo Sperone, and David Leiber to Agata Boetti, dated April 26, 2006, and Letter from Hugh J. Freund, Esq. to Andrea Barenghi, Esq., dated April 24, 2007, annexed as Exhibits 10, 11, and 13 to the Writ of Summons in the Milan Action, annexed as Exhibit A to the Declaration of Andrea Barenghi in Support of Defendants' Motion to Dismiss the Complaint, sworn to on July 1, 2008 (hereafter, "Barenghi Declaration"). Plaintiffs followed up with another threat of litigation in April 2007. *See* Compl. ¶¶ 18, 23, 33.

[2] *See*, *e.g.,* Compl. ¶¶ 34-35.

[3] *See* Compl. ¶¶ 38-77.

[4] *See* Compl. ¶ 77.

6337571.5

under the doctrines of *forum non conveniens* and abstention; that this Court lacks personal jurisdiction over the Defendants; that the Complaint fails to state causes of action; and that the Plaintiffs have failed to join indispensable parties Cardi and the Cardi Gallery. Defendants seek to stay all discovery pending the Court's determination of the Motion to Dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) authorizes a court upon motion "for good cause shown" to stay or limit all discovery. A court is also authorized to order discovery limited pursuant to Rule 26(b)(2)(c)(iii) if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *See also* Fed. R. Civ. Proc. 26(d) (authorizing court to order the timing and sequence of discovery).

In determining whether there is "good cause" to stay discovery during the pendency of a dispositive motion, the court will generally consider (1) "breadth of the discovery sought and the burden" on the party from whom the discovery is sought; (2) any prejudice that would result from a stay of discovery; and (3) the "strength of the dispositive motion that is the basis for the discovery stay application." *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 U.S. Dist. Lexis 2684, at *6-12 (S.D.N.Y. March 6, 1996) (applying this three-part test); *see also Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay where motion is not unfounded in the law, appears to have substantial grounds, and where discovery "would unnecessarily drain the parties' resources").

## ARGUMENT

A stay of discovery during the pendency of Defendants' Motion to Dismiss is warranted because (1) Discovery would be a significant burden on these foreign Defendants, especially given that the Defendants seek dismissal on several threshold jurisdictional and prudential grounds; (2) no unfair prejudice to Plaintiffs would result from a stay of discovery when Plaintiffs threatened to sue more than two years ago and waited to file this action until after Defendants filed a lawsuit in Milan; and (3) Defendants' Motion to Dismiss, which has been filed simultaneously with this motion, has substantial grounds.  Unless and until the Court decides that this lawsuit should go forward in New York, Defendants should not bear the enormous expense of discovery given the lack of any compelling need or demonstrated unfair prejudice.

## POINT ONE
### DISCOVERY WOULD UNNECESSARILY BURDEN DEFENDANTS

**A.    Merits Discovery is Burdensome and Unnecessary Where Defendants Seek Dismissal on a Preliminary Matter That Will Dispose of the Entire Case**

The threshold issues of subject matter jurisdiction, personal jurisdiction, and *forum non conveniens* raised in Defendants' Motion to Dismiss, each of which would eliminate any need for merits discovery, should be determined before imposing the enormous expense of discovery on Defendants.  Without subject matter jurisdiction, a court lacks power over the subject matter under Article III of the Constitution, and without personal jurisdiction a court lacks power over the parties under the Due Process Clause.  *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982) (distinguishing constitutional basis of subject matter and personal

jurisdiction); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007) (*forum non conveniens* may be decided before subject matter jurisdiction because "[a] court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'"). As noted by the Supreme Court, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (*quoting Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Courts typically dispose of the issue of subject matter jurisdiction first because it is a non-waivable issue implicating the power of the courts and typically involves "no arduous issue." *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (holding that courts may consider straightforward personal jurisdiction issue before deciding subject matter jurisdiction, as a matter of judicial economy). Courts have recognized that discovery is "extremely burdensome" when such motions are pending and that the Federal Rules of Civil Procedure "enable district courts to stay merits discovery where resolution of a preliminary matter may dispose of the whole action." *Am. Booksellers Ass'n v. Houghton Mifflin Co., Inc.,* No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995); *see also Akropan Shipping Corp. v. Nat'l Enter. Sonatrach*, No. 86 Civ 4873, 1990 WL 16097, at *2 (S.D.N.Y. Feb. 14, 1990); *O'Brien v. Avco Corp.*, 309 F. Supp. 703, 705 (S.D.N.Y. 1969) (staying discovery pending subject matter jurisdiction determination).

Although in some cases, such as in *Akropan*, courts have allowed limited discovery related to subject matter jurisdiction, such discovery is unnecessary in this case

6337571.5

because the resolution of the questions of whether Plaintiffs' claims are ripe for adjudication and whether Plaintiffs' declaratory judgment causes of action "arise under" federal law are issues of law whose analysis will not be advanced by discovery from Defendants.  *See Akropan*, 1990 WL 16097, at *2.  The question of subject matter jurisdiction in this case is straightforward.  Defendants' Motion to Dismiss demonstrates that Plaintiffs' federal declaratory judgment claims are not ripe because no foreign judgment has been issued, Plaintiffs' claims do not "arise under" federal law because they are asserted as a defense to a potential future enforcement action in the U.S.  Plaintiffs also lack standing to assert hypothetical claims relating to artwork it sold or attempted to sell on Cardi's behalf.  *See* Motion to Dismiss Memo. of Law, Point One.

Discovery is particularly burdensome because Defendants are foreign.  The Supreme Court has cautioned that courts should exercise "special vigilance" to protect foreign litigants from potential discovery abuse, stating:

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. For example, the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence. Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration.

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).  As demonstrated in Defendants' Motion to Dismiss, at Point

6337571.5

Two, discovery on these foreign Defendants would be burdensome because Defendants are located in Italy and France, the Archivio's records are mostly in Italian,[5] and key witnesses such as Cardi,[6] who provided the disputed artworks to Plaintiffs, are located overseas. Italy is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Evidence Convention"),[7] and therefore compliance with Hague Evidence Procedures and an order from the Italian Court of Appeals may be required for discovery from non-parties.[8] In addition, under Italian law, a witness in Italy can only be compelled to give evidence in a foreign lawsuit through an order (or the equivalent) from the foreign court in which that lawsuit is pending, and a decree of the Italian Court of Appeals with jurisdiction over the place where the deposition is to take place. *See* Article 69(1) of the Italian conflict of laws statute, Law no. 218 of May 31, 1995.[9]

The enormous burden of discovery, especially in the era of electronic discovery, presents tremendous opportunities for would-be plaintiffs to misuse the threat of litigation and discovery. Plaintiffs' efforts to immediately plunge into discovery implicate a principal concern noted by the Supreme Court in *Bell Atlantic Corp. v.*

---

[5] *See* Declaration of Annemarie Sauzeau in Support of Motion to Dismiss, sworn to on July 1, 2008, ¶¶ 5-6.

[6] Cardi is an indispensable party who should have been joined. *See* Motion to Dismiss Memo. of Law, Point Five.

[7] *See* Hague Evidence Convention, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, *available at* http://www.hcch.net/; Italy Judicial Assistance, U.S. State Department, *at* http://travel.state.gov/law/info/judicial/judicial_653.html.

[8] *See* Hague Evidence Convention art. 18; Declarations by Italy for the Hague Evidence Convention, Hague Conference on Private International Law web site, *at* http://www.hcch.net/index_en.php?act=status.comment&csid=504&disp=resdn (Declaration 2).

[9] Barenghi Decl., ¶ 26.

*Twombly*, 127 S. Ct. 1955 (2007), *i.e.* that setting the bar too low to survive a motion to dismiss allows litigants with implausible claims to use the cost and burden of discovery to extract an undeserved settlement. *See Twombly*, 127 S.Ct. at 1966 (noting concern that a plaintiff with "a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value") (citation and internal quotations omitted). Such is the case here, where Plaintiffs are seeking to deter Defendants from pursuing their lawsuit in Italy and publishing the Boetti *catalogue raisonné*.

Defendants' Motion to Dismiss for lack of personal jurisdiction also militates in favor of a stay of all merits discovery. In *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994), the court stayed discovery during the pendency of a motion to dismiss for lack of personal jurisdiction. In this case, as in *Gandler,* "the adjudication of the pending Motion to Dismiss might avoid the need for costly and time-consuming discovery." *Gandler*, 1994 WL 702004 at *4. If this were not the case, any potential defendant could be threatened with a wholesale investigation of its business to determine its contacts with the forum even if a legal claim against it was patently meritless.

Finally, allowing discovery to proceed is at odds with the purposes of *forum non conveniens* dismissal, one of the grounds for Defendants' Motion to Dismiss. *See Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming stay of discovery pending motion to dismiss on ground of *forum non conveniens* because "[r]equiring extensive investigation would defeat the purpose of [the] motion.") (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)). On such a motion, a court may

evaluate the relevant factors without discovery, although the Court may consider affidavits. *See Piper Aircraft*, 454 U.S. at 258-59 ("defendants must provide enough information to enable the District Court to balance the parties' interests. Our examination of the record convinces us that sufficient information was provided here. Both [petitioners] submitted affidavits describing the evidentiary problems they would face if the trial were held in the United States"); *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 149 (2d Cir. 1978) (en banc) (noting that it is the well-established practice in the Southern District of New York to decide such motions on affidavits); *see also Florian v. Danaher Corp.*, 69 Fed. Appx. 473, 475 (2d Cir. 2003).

**B.    Extensive Discovery on Defendants' Connections to the United States Would be Unnecessarily Burdensome**

Even discovery on the issue of personal jurisdiction should be stayed until the resolution of threshold issues in the Motion to Dismiss. In this case, Defendants include three individuals, and discovery of the individuals' personal affairs that are unrelated to the Archivio would be particularly burdensome and intrusive. Even limited discovery on personal jurisdiction poses an unnecessary and unfair burden on Defendants. In *Twombly*, the Supreme Court gave short shrift to the suggestion that the cost of discovery can be kept under control by case management techniques. 127 S. Ct. at 1967 n.6. At the very least, a stay of discovery on the issue of personal jurisdiction until after the Motion to Dismiss is determined would allow the Court to consider whether Plaintiffs' claims may go forward against Ms. Sauzeau, Agata, and Matteo in their individual capacities or whether such discovery must be limited to the Archivio.

Allowing discovery on personal jurisdiction to go forward implicates due process concerns. Because it is so intrusive and burdensome to subject a defendant to discovery

in a distant forum, courts may deny discovery on personal jurisdiction if a plaintiff fails to make a *prima facie* showing through legally sufficient allegations of jurisdiction. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1988). The Second Circuit in *Jazini* affirmed a denial of discovery to plaintiff seeking to establish general jurisdiction over foreign corporation because the "conclusory statements" that its American subsidiary located in New York was a "mere department" of the parent corporation "lack the factual specificity necessary to confer jurisdiction" and that the court was not bound to accept such conclusory statements as true. *Jazini*, 148 F.3d at 185. Indeed, to allow discovery on personal jurisdiction when there is no *prima facie* basis would violate due process. *Ronar, Inc. v. Wallace*, 649 F. Supp 310, 318 (S.D.N.Y. 1986). In *Ronar*, the court cautioned that because "discovery procedures are appropriate only when there is at least some slight factual indication that a basis for jurisdiction exists" and that

> [t]o allow discovery or an evidentiary hearing under these circumstances would be an unfair infringement of the liberty of a man not even arguably subject to the jurisdiction of this court . . . *As plaintiff has failed to make a prima facie showing of personal jurisdiction over [defendant], the court's assertion of jurisdiction now would violate the requirements of due process.*

*Ronar*, 649 F. Supp. at 317-318 (emphasis supplied) (internal citations omitted).

In this case, as in *Ronar*, Plaintiffs' allegations of Defendants' contacts with New York are exceedingly thin. Plaintiffs do not even cite the New York long-arm statute or identify which section of the statute they allege serves as a basis for personal jurisdiction over Defendants. *See, e.g.,* Compl. ¶ 8-9 (jurisdiction allegations). Plaintiffs' principal grievance is that the Archivio has not issued an opinion with respect to several works for which Cardi, an Italian, allegedly sent some documentation to the Archivio in Italy – hardly a compelling argument for a transaction or tort giving rise to jurisdiction in New

6337571.5

-10-

York. Plaintiffs have alleged that Ms. Sauzeau visited Defendants' New York gallery to pick up a check for $300 for allowing Plaintiffs to reprint her essay, that a representative of the Archivio inspected *I Sei Sensi* in New York, and that Matteo sent a letter to New York asking to re-examine *I Sei Sensi*.[10]  *See* Compl. ¶¶ 16, 24, 27.  As discussed in Defendants' Motion to Dismiss the Complaint, at Point Seven, such allegations do not suffice to establish long-arm jurisdiction "arising from" these contacts for the claims in the Complaint.  *See* Defendants' Motion to Dismiss Memo. of Law, Point Seven. Perhaps Plaintiffs neglected to cite the statutory basis for their allegations of personal jurisdiction because the factual allegations are so deficient, and are more likely to survive if not carefully analyzed.  A single $300 payment falls far short of any of the tests for "substantial revenue" from interstate and international commerce. *See Ronar,* 649 F. Supp. at 317.  In *Ronar*, the court rejected personal jurisdiction allegations against individual based on approximately $6,500 per year in consulting fees because:

> [T]his court resists a mechanical approach to an issue that implicates due process concerns.  A child who earns a few dollars by trading foreign postage stamps may derive 100% of his income from international commerce.  Yet his revenue is hardly "substantial" if the term is to have any practical or constitutional significance.

*Ronar*, 649 F. Supp. at 317.  Nor do Plaintiffs make even conclusory allegations that Ms. Sauzeau acted as an agent of the Archivio or the other individual defendants when she picked up her $300 check at Plaintiffs' gallery, which allegations would nevertheless be insufficient because "if plaintiff is to establish jurisdiction under [an agency theory], it must proffer not bland assertions, but specific facts that show agency." *Ronar*, 649 F. Supp. at 316 (*citing Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir.

---

[10]  A different "biro" work also entitled *I Sei Sensi* was included in the Catalogue. Compl. ¶ 22.

1975).  Nevertheless, Plaintiffs seek to use this alleged contact to confer personal jurisdiction over the Archivio and other individuals, or at the very least to subject all of them to discovery seeking jurisdictional facts.  Plaintiffs' bootstrapping should be rejected.

Furthermore, "where a claim arises from a contractual relationship, the court can reasonably expect the plaintiff to be able to specify at the outset at least those contacts the defendant has had with the forum that would support specific (as opposed to general) personal jurisdiction." *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 n.3 (S.D. Ind. 1997). Plaintiffs assert contract claims, but the reason that Plaintiffs are unable to set forth a colorable basis for New York jurisdiction is not because they lack information available only to the Defendants but because they raise a contingent, unripe claim relating to alleged omissions by Defendants located in Europe.

In addition, "[d]iscovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Gear, Inc. v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986). Plaintiffs' request to commence discovery before threshold issues are resolved is just such an effort.

**C.     Other Grounds for Motion to Dismiss also Militate in Favor of a Stay**

The non-jurisdictional bases for Defendants' Motion to Dismiss also militate in favor of a stay.

Defendants have moved on the ground that the Court should abstain from deciding this case under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) and *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). Allowing discovery to proceed would undercut the benefit to the Court's docket from

abstaining from declaratory judgment and would undercut the relief afforded to Defendants by such a determination.

Defendants have also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) because Plaintiffs have failed to join indispensable parties, Cardi and the Cardi Gallery, the owner of some of the works at issue who asked Defendants for an opinion as to those works. Commencing discovery now, in the absence of indispensable parties, would be unfairly prejudicial and result in duplicate discovery proceedings.

## POINT TWO
### A STAY OF DISCOVERY WOULD NOT UNFAIRLY PREJUDICE PLAINTIFFS

There is no burden to Plaintiffs, much less unfair prejudice, from a stay until the potentially dispositive Motion to Dismiss is decided. Plaintiffs threatened litigation in April 2006 but still waited two years and did not bring a case until April 2008.[11] Plaintiffs filed this suit only after Defendants commenced the Milan Action, plainly in retaliation for that lawsuit, so there is obviously no urgency in this matter. This contrasts sharply with the tremendous expense that discovery would impose on Defendants.

When determining whether Plaintiffs are unfairly prejudiced, a court will consider the length of the stay. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 U.S. Dist. Lexis 2684, at *6-7 (noting stay was for a "short time" pending motion for judgment on the pleadings for plaintiff's lack of standing). In this case, as in *Anti-Monopoly*, the stay would be limited to while a Motion to Dismiss is pending.

---

[11] *See* Barenghi Declaration, Exhs. 10 and 11 to Exhibit A, the Writ of Summons in the Italian Action (Letter from Angela Westwater to Matteo Boetti, dated April 18, 2006, and Letter from Angela Westwater, Gian Enzo Sperone, and David Leiber to Agata Boetti, dated April 26, 2006).

6337571.5

The fact that Plaintiffs' claims are based on speculative theories about things that might happen in the future – the basis for Defendants' jurisdictional defenses set forth above – is also a reason that Plaintiffs will not be unfairly prejudiced by a stay of discovery while the Motion to Dismiss is pending.

Nor is there any need to obtain testimony or evidence from witnesses who are only temporarily available in the district. All Defendants reside or are located outside the United States, and there is no allegation that any of them are available in New York and should be deposed before they leave the jurisdiction.

## POINT THREE
### DEFENDANTS' MOTION TO DISMISS IS NOT UNFOUNDED IN LAW

As the *Anti-Monopoly* court stated, "the third and final factor the courts examine is the strength of the dispositive motion that is the basis for the discovery stay application," granting stays where the motion to dismiss "appears to be not unfounded in the law" or "appear[s] to have substantial grounds." U.S. Dist. Lexis 2684, at *10 (*quoting Gandler*, 1994 WL 702004, at *4; *Chrysler Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991)). Defendants have moved on grounds that are all well-supported by legal authority, as set forth in the Defendants' Memorandum of Law in support of the Motion to Dismiss. That Motion is well above the threshold of being "not unfounded in the law."

## CONCLUSION

For the foregoing reasons, Defendants respectfully request a stay of all discovery pending resolution of Defendants' Motion to Dismiss the Complaint.

Dated:  New York, New York
        July 14,  2008

                CARTER LEDYARD & MILBURN LLP

        By:   /s/ Gary D. Sesser
              Gary D. Sesser
              Ronald D. Spencer
              Judith M. Wallace
              2 Wall Street
              New York, New York  10005
              (212) 732-3200

              *Attorneys for Defendants Archivio Alighiero Boetti,*
              *Agata Boetti, Matteo Boetti and Annemarie Sauzeau*