Gary D. Sesser
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
(212) 732-3200
*Attorneys for Defendants Archivio Alighiero Boetti,*
*Agata Boetti, Matteo Boetti and Annemarie Sauzeau*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| SPERONE WESTWATER INC. and SPERONE WESTWATER GALLERY, LLC, | : | Index No. 08 CV 03263 (RJH) (THK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| ARCHIVIO ALIGHIERO BOETTI, AGATA BOETTI, MATTEO BOETTI and ANNEMARIE SAUZEAU, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

6363522.6

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 2

POINT ONE

    THIS COURT LACKS SUBJECT MATTER JURISDICTION
    OVER PLAINTIFFS' DECLARATORY JUDGMENT CLAIMS ....................................... 2

A.    Plaintiffs' Claims for Declaratory Judgment Are Not Ripe................................2

B.    Plaintiffs' Declaratory Judgment Claims Do Not "Arise Under" Federal Law
    Because the "Artfully Pleaded" Exception to the Well-Pleaded Complaint Rule Does
    Not Apply to a Foreign Law Claim Pending in Italy..........................................4

POINT TWO

    DISMISSAL IS APPROPRIATE UNDER THE
    DOCTRINES OF *FORUM NON CONVENIENS* AND ABSTENTION ............................. 5

A.    *Forum Non Conveniens* Dismissal is Warranted Because Plaintiffs' Arguments that
    the Milan Tribunal is not "Adequate and Available" Lack Merit .......................5

B.    Dismissal is Warranted Under the Doctrine of Abstention .................................8

1.    Abstention for the Declaratory Judgment Claims is Appropriate under *Wilton v.
    Seven Falls Co.* .........................................................................................8

2.    Foreign Abstention for All Claims is Appropriate Under *Colorado River* .......10

3.    This Court Should Decline to Exercise Supplemental Jurisdiction ....................10

POINT THREE

    PLAINTIFFS' TORT AND CONTRACT CLAIMS
    FAIL TO STATE CAUSES OF ACTION...................................................................... 10

A.    Plaintiffs' Claims Regarding the Cardi Works Are Not Ripe............................10

B.    Plaintiffs Lack Standing to Raise Claims Regarding the Cardi Works ..............11

C.    Plaintiffs Fail to State a Cause of Action for Negligent Misrepresentation Because
    Defendants Do Not Have a Duty to Issue Opinions at Plaintiffs' or Cardi's Request ......12

D.    Plaintiffs Fail to State a Cause of Action for Interference With Business Relations ........13

POINT FOUR

    THIS COURT LACKS DIVERSITY JURISDICTION ...................................................... 14

A.    Plaintiffs Do Not Cite Any Authority For the Proposition That Its Conclusory
    Assertion of More than $75,000 in Damages is Sufficient .................................................14

B.    Cardi and the Cardi Gallery Are "Required Parties" Warranting Dismissal of the
    Action under Federal Rule of Civil Procedure 19(b) .........................................................14

POINT FIVE

    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST
    THE INDIVIDUAL DEFENDANTS FOR TORT AND CONTRACT CLAIMS ............... 15

POINT SIX

    PLAINTIFFS FAIL TO ALLEGE A PRIMA FACIE CASE
    FOR PERSONAL JURISDICTION ..................................................................................... 16

A.    Plaintiffs' Assertions of General Jurisdiction Pursuant to CPLR § 301 Are Deficient .....16

B.    Plaintiffs' Fail to Allege a Prima Facie Case for Long-Arm Jurisdiction .........................17

1.    CPLR 302(a) Requires Contacts With a "Strong Nexus" to Plaintiffs' Claims ...............18

2.    Courts in This District Generally Do Not Recognize Long-Arm Jurisdiction Over
    Defensive Declaratory Judgment Causes of Action .........................................................18

3.    Plaintiffs Fail to Allege New York Contacts With a Sufficiently "Strong Nexus" To
    Their Tort and Contract Claims .......................................................................................19

4.    Plaintiffs Fail to Allege Injury in New York From a Tort Outside New York.................20

CONCLUSION............................................................................................................................. 20

6363522.6

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Albradco, Inc. v. Bevona*, 982 F.2d 82 (2d Cir. 1992) ........................................4

*Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2d Cir. 1983) ......................16, 18, 19

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1958) ....................................2

*Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004).....................5

*Capital Currency Exch., N.V. v. Nat'l Westminster Bank Plc*, 155 F.3d 603 (2d Cir. 1998) ..................................................................................6

*Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880 (S.D.N.Y. 1991) ............10

*Colantonio v. Hilton Int'l Corp.*, No. Civ. A. 03-1833, 2004 WL 1810291 (E.D. Pa. Aug. 13, 2004) ..........................................................................6

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977), aff'd mem., 573 F.2d 1288 (2d Cir 1978)...............................................7, 18

*Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003)................................................................ *passim*

*Drucker Cornell v. Assicurazioni Generali S.p.A., Consol.*, 97 Civ. 2262, 2000 WL 284222 (S.D.N.Y. March 16, 2000) ..............................................3, 16

*Dutchess/Putnam Restaurant & Tavern Ass'n, Inc. v. Putnam County Dep't of Health*, 178 F. Supp. 2d 396 (S.D.N.Y 2001)................................................10

*Ehrenfeld v. Mahfouz*, 489 F.3d 542 (2d. Cir. 2007).....................................2, 18

*Energy Brands, Inc. v. Spiritual Brands, Inc.*, No. 07 Civ. 10644, 2008 WL 2747276 (S.D.N.Y. July 16, 2008) ........................................................16, 18

*Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118 (S.D.N.Y. 1997) ....................................................................................3

*Flast v. Cohen*, 392 U.S. 83 (1968) .....................................................12

*Fontanella v. Am. Bd. of Internal Med.*, 421 F.2d 355 (2d Cir. 1970) ..............................18

*Grandon v. Merrill Lynch & Co., Inc.*, 95 Civ. 10742, 2003 WL 22118979 (S.D.N.Y. 2003) ....................................................................3

6363522.6

*Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985)............................16

*Ins. Co. of N. Am. v. Vermont Mutual Ins. Co.*, 835 F. Supp. 176 (D. Vt. 1993) ...............2

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998) ...................................................................................................................3

*Jota v. Texaco, Inc.*, 157 F.3d 153 (2d Cir. 1998) ...........................................................15

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990) .............................................................20

*Moyers v. Brown*, No. 89 Civ. 4935, 1990 WL 3183 (S.D.N.Y. Jan. 11, 1990) ..............19

*New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321 (5th Cir. 2008) ..................4

*Norex Petroleum Ltd. v. Access Industrial, Inc.*, 416 F.3d 146 (2d Cir. 2005) ..................5

*Nwachukwu v. Chem. Bank*, No. 96 CV 5118, 1997 WL 441941 (S.D.N.Y. Aug. 6, 1997) .................................................................................................................14

*Optimum Worldwide Ltd. v. Klebener*, No. 95 Civ. 1359, 1996 WL 71500 (S.D.N.Y. Feb. 16, 1996) .........................................................................................19

*Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645 (2d Cir. 2004) .............................................................................8, 9

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U. S. 102 (1968) ...............15

*Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237 (1952)...................................4

*Republic of Philippines v. Pimentel*, 553 U.S. __ (June 12, 2008) ..................................15

*Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88 (2d Cir. 2006)........................................................................................................10

*Ross v. Bank of Am., N.A.*, 524 F.3d 217 (2d Cir. 2008) ...............................................11

*Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574 (1999)......................................................15

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950).........................................4

*Societe Generale v. Florida Health Scis. Ctr., Inc.*, No. 03 Civ. 5615, 2003 WL 22852656 (S.D.N.Y. Dec. 1, 2003)......................................................................18

*Sullivan v. American Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005) .....................................4

6363522.6

*Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994) ............14

*Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-CV-2744, 2007
 WL 3378256 (S.D.N.Y. Nov. 9, 2007) ........................................................................19

*USHA (India) Ltd v. Honeywell Int'l., Inc.*, 421 F.3d 129 (2d Cir. 2005) ........................5

*Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F.Supp. 858 (S.D.N.Y. 1991) ........18

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ................................................................8

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) ...................................17

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199
 (9th Cir. 2006)..........................................................................................................2, 9, 19

## STATE CASES

*Kimmel v. Schafer*, 89 N.Y.2d 257 (1996)........................................................................13

*Thome v. Alexander & Louisa Calder Found.*, No. 600823/07 (Sup. Ct. N.Y.
 County Apr. 17, 2008) ..........................................................................................6, 13

## FEDERAL STATUTES, RULES AND CONSTITUTION

28 U.S.C. § 1332.................................................................................................................14

28 U.S.C. § 1782.............................................................................................................6, 8

Fed. R. Civ. P. 12(b) ..........................................................................................................1

Fed. R. Civ. P. 19...........................................................................................................14, 15

U.S. Const., Art. VI............................................................................................................4

## STATE STATUTES

CPLR § 5304........................................................................................................................9

CPLR § 301........................................................................................................................16

CPLR § 302(a) ........................................................................................................ *passim*

6363522.6

Defendants Archivio Alighiero Boetti, Agata Boetti, Matteo Boetti and Annemarie Sauzeau (collectively "Defendants") submit this reply memorandum in further support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b).

## INTRODUCTION

Plaintiffs candidly admit that they brought this lawsuit only because they were sued in Italy and they do not want to be subject to the "vagaries" and inconvenience of litigating in Italy. Pl. Brf. at 2.[1]  Plaintiffs argue that they had a "choice" of "endur[ing] years of litigation in Milan" or filing suit "in a United States court." *Id.*  In effect, Plaintiffs' argument assumes that this Court has a roving international mandate to police foreign legal proceedings in order to protect U.S. litigants from the "vagaries" of foreign legal proceedings and the application of foreign law.  That is not the case.  Significantly, the Complaint in this action does not seek to enjoin the lawsuit in Italy, or to enjoin the parties in this case from participating in that lawsuit, and any such relief would not be even remotely justified under settled principles of international comity.

So the Italian lawsuit will proceed – or not – based upon the arguments advanced by the parties in Italy and Italian jurisprudence, and will not be halted by the fact that this lawsuit was filed.  Because Plaintiffs certainly know that, the real "choice" they made was to institute a lawsuit here in the hope that the *financial burden* of litigating in the U.S. will coerce Defendants into *dropping* their lawsuit in Italy. However, that is not a legitimate "choice" this Court is bound to honor, particularly where the claims asserted in the Complaint are not ripe for adjudication, and clearly depend on future events and rulings which may never come to pass.

---

[1] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint, dated August 14, 2008 (hereafter, "Pl. Brf.").

## ARGUMENT

### POINT ONE

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' DECLARATORY JUDGMENT CLAIMS

**A.     Plaintiffs' Claims for Declaratory Judgment Are Not Ripe**

The existence of the Milan Action does not create an "actual case or controversy" under Article III or prudential considerations, because the Second Circuit has held the existence of a foreign proceeding does *not* make a dispute ripe. Plaintiffs rely on a Vermont District Court case challenging an administrative action, in which the court concluded, without discussion or citation to case law, that the dispute was ripe due to the pending state-court action between the same parties raising identical issues, but nevertheless declined to exercise its jurisdiction in view of that pending state court action. *Ins. Co. of N. Am. v. Vermont Mutual Ins. Co.*, 835 F. Supp. 176 (D. Vt. 1993).

As discussed in Point I of Defendants' initial memorandum, more recent decisions in this Circuit and others have analyzed ripeness in the specific context of a challenge to a pending foreign litigation, and have held that a defensive declaratory judgment claim is not ripe before there is a final judgment in the foreign case. *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d. Cir. 2007); *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003); *see also Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1202 (9th Cir. 2006).

Petitioners cite other "defensive" declaratory judgment decisions. However, those decisions are not applicable to this action. In *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 502-03 (1958), the plaintiff sought a declaratory judgment on alleged antitrust violations and an anti-suit injunction while that action was pending, but the issue was whether the plaintiff had lost

6363522.5

the right to a jury trial on certain issues – ripeness was not even mentioned in the decision. Plaintiffs also rely on *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp.2d 118, 124 (S.D.N.Y. 1997), a declaratory judgment action relating to a forum selection clause in a maritime bill of lading. Even the *Farrell* court cautioned that "courts should be dubious of declaratory judgment actions when the plaintiff files suit to interfere with an action already filed or in anticipation of defendant filing suit in another forum." The *Dow Jones* court found *Farrell* was inapplicable to an attempt to have a U.S. court dispose of a foreign litigation where a forum selection clause was not at issue. *Dow Jones,* 237 F. Supp.2d at 414-15. Neither case indicates that *this* declaratory judgment case is ripe, given Second Circuit authority to the contrary.

Plaintiffs' request is based on a premature assumption that U.S. law governs this dispute, and therefore a declaration on VARA would be dispositive. In fact, the Milan tribunal will determine what law applies to the claims asserted in Italy under Italian – not federal – choice of law rules. *Cf., Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998) (under federal choice of law rules, applying law of locus of tort to infringement claims, and applying Russian law on copyright ownership).[2] If the Milan tribunal finds that Italian law governs, this Court's declaratory judgment on the effect of VARA on Defendants' claims in that action would be advisory at best, and more likely an affront to the Italian court.[3]

---

[2] If this action were to proceed in the U.S., Italian law would likely govern Plaintiffs' tort and contract claims. Plaintiffs recognize that the law of the site of the tort generally governs, and assert personal jurisdiction on the basis that Defendants committed torts *in Italy* that caused injury to them in New York, so Italian law should govern those claims. *See* Pl. Brf. at 11 (citing, e.g., *Grandon v. Merrill Lynch & Co., Inc.*, 95 Civ. 10742, 2003 WL 22118979 (S.D.N.Y. 2003) (law of site of tort applies)); Pl. Brf. at 29 (alleging torts in Italy); *see also Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, 97 Civ. 2262, 2000 WL 284222 (S.D.N.Y. March 16, 2000) (citations omitted) (personal jurisdiction based on contracts subject to a multifactor test).

[3] A declaratory judgment on VARA is also likely as a practical matter to be advisory whether the Milan tribunal finds the works authentic or not authentic. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss, dated July 14, 2008 (hereafter, "Def. Brf.") at 13.

6363522.5

**B.    Plaintiffs' Declaratory Judgment Claims Do Not "Arise Under" Federal Law Because the "Artfully Pleaded" Exception to the Well-Pleaded Complaint Rule Does Not Apply to a Foreign Law Claim Pending in Italy**

This Court does not have jurisdiction "arising under" federal law over federal law issues raised by the plaintiff in a defensive declaratory judgment action. *See Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 242 (1952); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672-73 (1950); *Dow Jones,* 237 F. Supp.2d at 425-26, *aff'd,* 346 F.3d 357 (2d Cir. 2003). "[T]he procedure required by application of the well-pleaded complaint rule to declaratory judgment actions" is to "examine the declaratory defendants' claims in determining whether the declaratory judgment action presents a federal question." *Albradco, Inc. v. Bevona,* 982 F.2d 82, 85 (2d Cir. 1992). Recently, the Fifth Circuit succinctly summarized this rule:

> The well-pleaded complaint rule focuses on whether the plaintiff has affirmatively alleged a federal claim, thus providing a basis for federal jurisdiction; anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction . . . A plaintiff cannot evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law.

*New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008) (citations omitted). Defendants have not asserted any claims based on VARA; rather, Plaintiffs seek to rely on VARA in their defense to the Milan Action. In opposition, Plaintiffs attempt to invoke a narrow exception to the "well-pleaded complaint" rule where a complaint is "artfully pleaded" to avoid stating a federal claim. Pl. Brf. at 15, *citing Sullivan v. American Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005). That exception does not apply here.

The "artfully pleaded" exception is derived from the Supremacy Clause, under which the federal government has the power to completely preempt state or local law. U.S. Const., Art. VI. It has no application to a foreign law claim pending in a foreign court.    The case law cited by Plaintiffs makes this clear. *Sullivan,* 424 F.3d at 269 (District Court lacked jurisdiction over

-4-

state-law defamation claims initially brought by union members in state court because the Railway Labor Act "does not *completely preempt* those claims and therefore does not provide federal courts with original jurisdiction over them.") (emphasis supplied).  Plaintiffs rely on *Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004), which finds federal preemption of certain copyright claims, but that case is irrelevant to whether the Visual Artists' Rights Act ("VARA") will govern under the Milan tribunal's choice-of-law analysis.[4]  Because VARA cannot and does not preempt foreign law in foreign courts, the Milan Action is not subject to the "artfully pleaded" exception to the well-pleaded complaint rule, and there is no jurisdiction "arising under" federal law for Plaintiffs' declaratory judgment claims.

## POINT TWO

### DISMISSAL IS APPROPRIATE UNDER THE DOCTRINES OF *FORUM NON CONVENIENS* AND ABSTENTION

**A.**    ***Forum Non Conveniens* Dismissal is Warranted Because Plaintiffs' Arguments that the Milan Tribunal is not "Adequate and Available" Lack Merit**

Plaintiffs contend that the Milan tribunal does not meet the threshold *forum non conveniens* requirement for an adequate and available alternative forum.  There is an adequate alternative forum "if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005).  That standard is met.  Plaintiffs do not dispute service of process in the Milan Action or that the subject matter is before that tribunal.  Plaintiffs' prediction that it may be three years until judgment is far short of the ten to fifteen year delay found to be problematic. *See USHA (India) Ltd v. Honeywell Int'l, Inc.*, 421 F.3d 129, 135-36 (2d Cir. 2005).

---

[4] Plaintiffs recognize that this is a choice of law and not a preemption issue. *See* Pl. Brf. at 9, 11.

6363522.5

Plaintiffs also argue that the Milan tribunal is inadequate because it is not generally known to decide art authentication disputes and because it has less experience in applying a U.S. statute they will cite in their defense. *See* Del Sordo Decl. ¶ 10. The United States does not have specialized courts for art authentication, and even in New York, there are few reported cases on art authentication issues. *See, e.g., Thome v. Alexander & Louisa Calder Found.*, No. 600823/07, slip op. at 11 (Sup. Ct. N.Y. County Apr. 17, 2008) (finding no duty to issue opinion). If equivalent expertise in U.S. law and the specific fact context were the standard, it is unlikely that any foreign forum would be "adequate." In fact, a forum can be adequate even if it will apply different substantive law, as long as it has a "roughly analogous" cause of action. *Capital Currency Exch., N.V. v. Nat'l Westminster Bank Plc*, 155 F.3d 603, 610 (2d Cir. 1998). The assertion of a need for expertise in VARA, an uncomplicated one-section statute, is a red herring. The threshold issue will be whether Italian or U.S. law governs, and an Italian court will be more experienced in applying its own choice of law rules. In any event, presumably Plaintiffs will have the opportunity to brief or argue any U.S. law issues they raise in their defense.

Otherwise, there can be no serious question that Italian courts observe the rule of law and will provide due process. Italian courts have been found to be adequate. *See, e.g., Colantonio v. Hilton Int'l Corp.*, No. Civ. A. 03-1833, 2004 WL 1810291, at *11-12 (E.D. Pa. Aug. 13, 2004) (dismissing on *forum non conveniens* grounds because Italian codefendant could not be joined, Italy had greater interest in case, and evidence was located in Italy).

Plaintiffs also assert that the Milan tribunal will not be able to decide authenticity because some of the works are allegedly located outside Italy. *See* Del Sordo Decl. ¶ 10. Discovery in the U.S. is available in connection with a foreign legal proceeding pursuant to 28 U.S.C. § 1782. Furthermore, the owners of the works might send those works to Italy, or the Milan tribunal

6363522.6

could make a decision without a physical examination of the works, for example if there is testimony or documentary evidence that the works were forged. Such testimony and documentary evidence is likely located in Italy, where the works were created. Alternatively, Plaintiffs' information about the location of works they do not own may prove to be inaccurate.

Finally, Plaintiffs' insinuations that the Archivio engaged in improper forum shopping by filing the Milan Action are without merit. *See, e.g.,* Pl. Brf. at 16. After over a year of negotiations and threats by Plaintiffs to sue,[5] an Italian entity whose sole office is in Italy filed a lawsuit in Italy, where the courts have jurisdiction over all the defendants, where the Defendants have standing, where Boetti's art was created, where witnesses as to provenance are probably located, to invoke substantive Italian law under which they have rights. A plaintiff engages in forum shopping occurs only when "he chooses a forum with slight connection to the factual circumstances surrounding his suit . . . or where forum shopping alone  motivated the choice of situs." *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 746 (S.D.N.Y. 1977), *aff'd mem.*, 573 F.2d 1288 (2d Cir 1978) (internal citations omitted). Because of the strong connection between the Archivio's claims and Italy, the Archivio's choice of forum is completely appropriate. Defendants' motion satisfies all elements of the *forum non conveniens* test, and therefore dismissal is appropriate.

---

[5] Plaintiffs dispute that they challenge the rights of the Archivio to operate and publish its *catalogue raisonne*. Pl. Brf. at 18. In fact, Plaintiffs have stated that they would regard any *catalogue raisonne* that did not include the Cardi works as a statement that the works are not authentic and would sue. *See* Barenghi Decl. ¶ 16, Exhs. 10-11 ("In case this work or any other reproduced our 2001 … exhibition catalogue . . .will not be included in the forthcoming catalogue raisonne', [sic] there will be a legal challenge to the legitimacy of your operation"); *see also, e.g.,* Compl. ¶ 33 (noting threat to "hold the Defendants legally responsible for their misconduct in reneging on at least one certificate of authenticity"), ¶ 61 ("Defendants should be estopped from denying, retracing, or otherwise casting doubt on their original representation as to the work's authenticity"). Plaintiffs attempted to force Defendants to choose between publishing and listing the Cardi works as authentic, not publishing at all, or publishing without the Cardi works and being sued.

6363522.6

**B.**     **Dismissal is Warranted Under the Doctrine of Abstention**

1.     **Abstention for the Declaratory Judgment Claims is Appropriate under** *Wilton v. Seven Falls Co.*

Abstention is warranted under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) because a declaratory judgment (1) will not finalize this controversy and (2) is likely to lead to friction between the U.S. and Italian legal systems.

On first prong of the test, Plaintiffs ignore the fact that a finding by the Milan tribunal on authenticity could make their VARA defense irrelevant. Instead, Plaintiffs argue that the Milan tribunal will not be able to determine authenticity because the works are not in Italy. *See* Pl. Brf. at 8. That is not true. Not only is discovery in the United States in connection with a foreign proceeding available pursuant to 28 U.S.C. § 1782, but there is also the possibility that testimony and documentation in Italy – such as evidence of forgery – could be dispositive.

On the second prong of the test, a declaratory judgment is likely to lead to friction between legal systems because Plaintiffs maintain that this Court's decision "will be heeded" by the Milan tribunal, and that if it is not Plaintiffs can seek an anti-suit injunction from this Court against the Milan Action. Pl. Brf. at 12. Plaintiffs have not sought an anti-suit injunction because they clearly do not meet one of the threshold requirements – identical parties in both disputes – because Cardi is not a party here. *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004) (setting forth threshold requirements and subsequent multifactor test). Plaintiffs therefore pose a false choice between deciding the issues in this Court or in Milan. If this case goes forward, the Milan Action will also proceed and the first judgment may be recognized in the other forum under the local law on the enforcement of foreign judgments. *See id.* at 654 ("a foreign court might not give res judicata effect to a U.S. judgment"). Plaintiffs' statement that it expects a declaratory judgment

6363522.5

from this court to be "heeded" by the Milan tribunal betrays Plaintiffs' fundamental conceptual

problem: Plaintiffs are not requesting a declaratory judgment that will resolve the dispute; they

are asking this Court to instruct a foreign tribunal on its choice of law.

In any event, the Second Circuit has stated that anti-suit injunctions are inappropriate in

cases like this one where "the domestic court speaks to the merits of a controversy under

domestic law while an analogous claim under foreign law is pending in a foreign forum, and in

which resolution of one action may not dispose of the other." *Paramedics*, 369 F.3d at 652-63

(citations and quotations omitted). The *Dow Jones* court, on similar facts, resoundingly *rejected*

the notion that the federal courts should interfere in a pending foreign litigation, stating:

> [U]nder [plaintiff's] hypothesis, the [Declaratory Judgment Act] would confer
> upon an American court a preemptive style of global jurisdiction branching
> worldwide and able to strike down offending litigation anywhere on Earth. . . .
> The Court finds nothing in the United States Constitution, nor in the DJA or in
> customary practice of international law that comports with such a robust,
> Olympian perspective of federal judicial power.

*Dow Jones*, 237 F. Supp. 2d at 411. The court also noted that a foreign tribunal would take a

dim view of an anti-suit injunction against a suit by its own nationals under local law and would

probably ignore it. *Id.* at 413. Furthermore, the court found that such a judgment would threaten

international comity, noting:

> Our judicial attitudes on matters of international comity, the level of recognition
> and respect our courts accord to foreign proceedings, could have significant
> bearing on the treatment American litigants receive when their disputes reach the
> tribunals of foreign countries for resolution.

*Id.* at 441. Respect for international comity is also reflected in the fact that foreign money

judgments are enforceable even if the disputes would have been resolved differently under U.S.

law. *See* CPLR § 5304 (incorporating Uniform Foreign Money-Judgments Recognition Act into

New York law and listing limited grounds for objecting to foreign judgments); *see also Yahoo!*,

433 F.3d at 1223 (foreign judgments generally enforceable unless "repugnant" to public policy).

6363522.5

2.    **Foreign Abstention for All Claims is Appropriate Under *Colorado River***

This Court also has inherent power to dismiss or stay the *entire* action – not just the declaratory judgment claims – on the basis of a pending foreign litigation. Courts in this Circuit have applied the *Colorado River* standard to international abstention which, for the reasons set forth in Point II.B.2 of Defendants' initial memorandum, is satisfied in this case. *See, e.g., Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (dismissing federal action); *see also Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88 (2d Cir. 2006) (citing *Colorado River* factors in international abstention analysis).

3.    **This Court Should Decline to Exercise Supplemental Jurisdiction**

This Court also should decline to exercise its supplemental jurisdiction. *See* Def. Brf. Point II.B.3; *Dutchess/Putnam Rest. & Tavern Ass'n, Inc. v. Putnam County Dep't of Health*, 178 F. Supp.2d 396, 399-400 (S.D.N.Y 2001) (stating multifactor test for supplemental jurisdiction). Plaintiffs set forth a thin federal claim, asking this Court to read an uncomplicated one-section statute and give them an advisory opinion about what it says. State law issues predominate here because Plaintiffs ask this Court to make fact-intensive determinations about numerous contract and tort claims relating to ten works of art.

## POINT THREE

### PLAINTIFFS' TORT AND CONTRACT CLAIMS FAIL TO STATE CAUSES OF ACTION

A.    **Plaintiffs' Claims Regarding the Cardi Works Are Not Ripe**

Plaintiffs' claims regarding *I Sei Sensi* and the other Cardi works are not ripe. They ask for damages for breach of covenant of good faith and fair dealing if *I Sei Sensi* is authentic, and damages for negligence if it is not. This is not pleading "alternate or inconsistent theories." Pl. Brf. at 20-22. It is a request for an advisory opinion. Unless Plaintiffs obtain a determination

6363522.6

from this Court on the necessary predicate issue of authenticity, which they are not seeking, this Court is being asked to render alternative *judgments* based on an undetermined fact. Pl. Brf. at 18 ("The Gallery has not asked this Court to authenticate the works").

As a practical matter, it is difficult to imagine what judgment this Court could render on Plaintiffs' claims that Defendants negligently authenticated *I Sei Sensi* (in Count Five) and the other Cardi works (in Count Six) while the authenticity issue is pending in Milan. Apparently, Plaintiffs seek a decision that if the work is found not to be authentic in the future, then, no matter what documentation was provided to the Archivio in the past or what new information may come to light, the Archivio was negligent in not relying on whatever facts might serve as the basis of a future determination. If the works and documentation were good quality fakes, or material information was concealed from Defendants, it is hard to see how a negligence finding could be made if the Milan tribunal ultimately concludes that a work is not authentic.

## B.    Plaintiffs Lack Standing to Raise Claims Regarding the Cardi Works

Plaintiffs' right to raise their claims hinges on their ability to demonstrate standing. *See* Def. Brf. at 24 (citing *Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008)). Nevertheless, Plaintiffs offer evasive and ambiguous statements about their past interest in the works and fail to assert a *present* interest in any of the works (even those that were returned or did not sell). Plaintiffs state that "[i]t was our *understanding* of our agreement that the Gallery acquired a 50% share of the works," and offer an affidavit from their Italian lawyer stating that *he* interprets ambiguous wording in an April 3, 2007 letter from Cardi – long after this dispute arose – to mean that Cardi sold the works to the Gallery. *See* Leiber Decl. ¶ 6 (emphasis supplied); del Sordo Decl. ¶ 12, Exh. A.[6] This begs the question of whether anyone – such as

---

[6] Cardi's 2007 letter lists 13 works and makes the indisputable misrepresentation that the Archivio had "formally archive[ed]" the works and that "I still have the originals of the so-called

Cardi – disagrees. It is clear that Plaintiffs, who have not been asked for or paid any refunds for all but one of the works,[7] assert the rights of the absent owners of artwork who may or may not feel injured. *See Flast v. Cohen*, 392 U.S. 83, 99 n.20 (1968) (prohibiting third-party standing); Compl. ¶ 17 (seeking damages for "further refunds or lost business").

Plaintiffs' assertions of injury also lack merit. Plaintiffs state that the Archivio's request to re-examine *I Sei Sensi* impugns Plaintiffs as sellers of fake art. Plaintiffs admittedly sold that work with a genuine certificate of authenticity, so it is hard to understand their reputational concern. Moreover, the owner has not even asked for a refund. Finally, Plaintiffs do not cite authority for the proposition that they were in privity of contract with Defendants merely because they allegedly requested the review of any Cardi works and subsequently profited in some unspecified way from the sale of those works. *See, e.g.,* Pl. Brf. at 21.

## C.    Plaintiffs Fail to State a Cause of Action for Negligent Misrepresentation Because Defendants Do Not Have a Duty to Issue Opinions at Plaintiffs' or Cardi's Request

Plaintiffs do not cite authority for their assertion that because the marketplace values the Defendants' opinions, Plaintiffs are "at its mercy" and therefore entitled to conscript the Archivio into their sales efforts by mailing a printed catalogue and unilaterally informing the Archivio that they would rely on silence, despite their knowledge that the Archivio typically issues written opinions after formal reviews of documents and artwork. Pl. Brf. at 4-5, 23 (Plaintiffs brought *Aerei* to Italy for review); Leiber Decl. ¶¶ 16, 18. In fact, Plaintiffs allege that

---

'authentications' of which I have sent you copies." Plaintiffs' evasiveness and Cardi's misrepresentation raises serious questions about whether the Gallery and Cardi shared all material information with the Archivio, and if anything indicate that the Archivio's later concerns about the Cardi works, which Plaintiffs' characterize as "dodgy behavior," were justifiable. Pl. Brf. at 16.

[7] The one refund they have allegedly been asked for and paid, $29,277.50 for *Salezucchero*, fails to satisfy the jurisdictional amount for diversity jurisdiction. *See* Compl. ¶ 17.

they have equal if not superior expertise, since Gian Enzo Sperone, one of Plaintiffs' principals, is "an expert, if not the world's foremost expert" in Boetti's art. Compl. ¶ 11.

Plaintiffs cite *Kimmel v. Schafer*, 89 N.Y.2d 257 (1996), for the proposition that the Defendants' expertise creates a special relationship of trust with the Plaintiffs. *Kimmell* involved the duty owed by a board member/chief financial officer/general officer of a company for his representations about his company to investors, not a request for an opinion from an entity at arm's length. *Id.* at 260-61. Under Plaintiffs' theory, experts would be required to respond to every inquiry or risk liability for "negligently" granting an opinion by silence. There is no support for this extreme position. Finally, Plaintiffs assert two contradictory propositions: (1) that an actual certificate is usually essential to the marketability of contemporary artwork, yet (2) sellers can rely on the *silence* of experts who may have seen only a reproduction of a work in a printed catalog. *Compare* Leiber Decl. ¶ 4 *with* Pl. Brf. at 23. In any event, as discussed in Point Four of Defendants' initial memorandum, under New York law foundations such as Defendants do not have a duty to issue opinions. *See Thome v. Alexander & Louisa Calder Found.*, No. 600823/07, slip op. at 11 (Sup. Ct. N.Y. County Apr. 17, 2008); Def. Brf. at 29.

**D.    Plaintiffs Fail to State a Cause of Action for Interference With Business Relations**

Plaintiffs' defense of their claim of interference with business relations also involves extreme and inconsistent positions. On the one hand, Plaintiffs argue that the Archivio has a duty to provide an opinion to anyone who asks for one, but if Archivio issues a negative opinion, they are liable for "interference with business relations" to anyone who ever profited from a sale of the work. Pl. Brf. at 23-24. Plaintiffs contend that the Archivio's certifications are absolutely essential to the marketability of Boetti's works, so that failing to respond to a request for an opinion is legally actionable, yet any negative opinion by the Archivio is actionable because the artist's heirs own some of his works and therefore have inherent conflicts of interest. *Id.* There is

-13-

no authority for the proposition that the Archivio, by offering to review works on its own terms, is subject to these extraordinary and conflicting duties and liabilities.

## POINT FOUR

### THIS COURT LACKS DIVERSITY JURISDICTION

**A.    Plaintiffs Do Not Cite Any Authority For the Proposition That Its Conclusory Assertion of More than $75,000 in Damages is Sufficient**

Plaintiffs do not cite any case law for their proposition that it is sufficient to allege that they will suffer more than $75,000 in damages if certain events occur in the future, or to claim damages to their reputation without alleging a defamation cause of action. *See* Compl. ¶ 60, Demand for Relief. The only actual damage that Plaintiffs reference is $29,227.50 refunded for *Salezucchero*, which they do not dispute was passed along to their consignor, Cardi. Compl. ¶ 77. They counter that the works at issue are worth more than $75,000, but Plaintiffs do not own the works. *See* Leiber Decl., ¶ 25. Because Plaintiffs set forth unripe claims and claims that fail to state causes of action, it is a legal certainty that Plaintiffs are not entitled to damages in the jurisdictional amount. 28 U.S.C. § 1332. *See also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784-86 (2d Cir. 1994); *Nwachukwu v. Chem. Bank*, No. 96 CV 5118, 1997 WL 441941, at *8 (S.D.N.Y. Aug. 6, 1997) (no diversity jurisdiction where five claims were dismissed and the remaining claim did not satisfy the amount in controversy requirement).

**B.    Cardi and the Cardi Gallery Are "Required Parties" Warranting Dismissal of the Action under Federal Rule of Civil Procedure 19(b)**

Cardi and the Cardi Gallery (collectively, "Cardi") satisfy both alternative tests for a required party. This action "cannot accord complete relief" because the predicate issue of authenticity is pending in the Milan Action where Cardi is a party. Fed. R. Civ. Proc. 19(a)(1)(A). Second, Cardi "claims an interest relating to" the artwork and his absence may "impair or impede" his interests. Fed. R. Civ. Proc. 19(a)(1)(B). Plaintiffs respond that Cardi "is

-14-

but one of several prior owners." However, Leiber's evasive declaration suggests that Cardi may have shared in their commissions. *See* Leiber Decl. ¶ 6.  Nor is it clear who owns *Salezucchero*, for which Plaintiffs issued a refund, or the works that did not sell.  Plaintiffs' argument that mere "prior owners" are not interested undercuts Plaintiffs' position that *they* have standing.  *See* Pl. Brf. at 25.  Finally, a decision on Defendants' obligations could conflict with the Milan Action and leave Defendants "subject to . . . inconsistent obligations."  Fed. R. Civ. Proc. 19(a)(1)(B).

If Cardi *were* joined, he would be a party plaintiff, and as an Italian would destroy complete diversity. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999).  However, *without* Cardi, this action fails the multifactor test for prejudice and adequacy in Rule 19(b).  Plaintiffs respond that a party found liable could sue Cardi in a subsequent action. *See* Pl. Brf. at 25.  However, the Supreme Court recently noted, applying Rule 19(b) to an international dispute:

> [A]dequacy refers to the "public stake in settling disputes by wholes, whenever possible." [*Provident Tradesmens Bank & Trust Co.* v. *Patterson*, 390 U. S. 102, 111 (1968)]. This "social interest in the efficient administration of justice and the avoidance of multiple litigation" is an interest that has "traditionally been thought to support compulsory joinder of absent and potentially adverse claimants." [*Illinois Brick Co.* v. *Illinois*, 431 U. S. 720, 737–738 (1977)].

*Republic of Philippines v. Pimentel*, 553 U.S. __, slip op. at 17 (June 12, 2008).  Furthermore, Italian courts might not give preclusive effect to issues decided adversely to Cardi in his absence. This potential for relitigation prejudices Defendants. Therefore, dismissal is appropriate.

## POINT FIVE

### PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS FOR TORT AND CONTRACT CLAIMS

Plaintiffs do not cite any authority for the assertion that members of an unincorporated non-profit association are jointly and severally liable for actions of other members by analogy to New York law of partnerships, in the event that New York law governs its claims, or explain what they hope to learn through discovery on this issue.  Pl. Brf. at 26-27.

-15-

## POINT SIX

## PLAINTIFFS FAIL TO ALLEGE A PRIMA FACIE CASE
## FOR PERSONAL JURISDICTION

Plaintiffs do not allege facts that, if true, are sufficient to establish general or long-arm personal jurisdiction, thus failing to make the required prima facie showing. *Energy Brands, Inc. v. Spiritual Brands, Inc.*, No. 07 Civ. 10644, 2008 WL 2747276, at *3 (S.D.N.Y. July 16, 2008).

### A.    Plaintiffs' Assertions of General Jurisdiction Pursuant to CPLR § 301 Are Deficient

Plaintiffs' do not allege the continuous, permanent and substantial activity that is required to find the Archivio effectively "present" in New York.  Plaintiffs do not allege that Defendants had an office, bank accounts, property, employees, or agents permanently present in New York, or that the Archivio has made substantial, regular and continuous sales or shipments of goods in New York. *See Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (listing indicia of presence for CPLR § 301).  For general jurisdiction, "the non-domiciliary must be 'doing business' in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (no general jurisdiction based on cease-and-desist letter and "an unspecified number of mail orders" without "substantial solicitation" in the state).

Nor does the Archivio's web site create a presence in New York, because:

A firm does not 'do[ ] business' in New York simply because New York citizens can contact the firm via the worldwide web. . . Moreover, even if such an exercise of jurisdiction were proper under § 301, it would not be permissible under the Due Process Clause absent, at a minimum, an allegation that [the defendant's] website was purposefully directed toward New York.

*Drucker Cornell,* 2000 WL 284222, at *2 (citations omitted).  Plaintiffs cite as an advertisement in New York a web page listing fees from 150 to 600 *Euros* to review artwork, in Italy.  Pl. Brf.

at 28.[8]  This is hardly "purposefully directed" to New York.  Moreover, the Archivio's web site

posts its standard review agreement specifying jurisdiction in Rome.[9]

Plaintiffs allege an act by an agent, the examination of *I Sei Sensi* by Andrea

Marescalchi, but acts of an agent support general jurisdiction only if "sufficiently important to

the foreign entity that the corporation itself would perform equivalent services if no agent were

available." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).  Plaintiffs allege

that Mr. Marescalchi reviewed the work because he happened to be in New York, and otherwise

they sent documents and works to Italy.  *See, e.g.,* Leiber Aff., ¶ 18; Pl. Brf. at 4.

Plaintiffs allege a handful of art sales over the years by the individuals and Ms. Sauzeau's

essay reprint fee, all apparently in their individual capacities, and seek to bootstrap these isolated

transactions into a theory that the Archivio, and through it the individual Defendants collectively,

have a continuous, permanent and systematic presence in New York.   Plaintiffs note that the

"About Us" page on the Archivio's web site[10] lists collaborations with galleries in New York on

activities to promote Boetti's work, and speculate that the Defendants may have sold artwork to

such galleries with sufficient frequency to be "present" here.  Leiber Decl., ¶¶12-14.   Plaintiffs

do not cite authority for the notion that such limited contacts and suppositions suffice.

## B.    Plaintiffs' Fail to Allege a Prima Facie Case for Long-Arm Jurisdiction

Plaintiffs now cite several sections of CPLR § 302(a), but fail to cure to the principal

shortcoming of their long-arm jurisdiction pleading, which is that their claims do not arise out of

Defendants' New York contacts.  Plaintiffs cite decisions stating that a single purposeful act is

---

[8]  Reply Declaration of Gary D. Sesser ("Sesser Reply Decl."), Exh. A (annexing www.archivioalighieroboetti.it/modulistica/CERITFICATION%FEES.pdf).

[9]  Sesser Reply Decl., Exh. B (annexing the Archivio's review agreement, located on its "forms" page at http://www.archivioalighieroboetti.it/modulistica/CONSIGNMENT%20FILE.pdf).

[10]  Sesser Reply Decl., Exh. C (annexing http://www.archivioalighieroboetti.it/about_us.asp).

6363522.5

enough, but this is only true "so long as the defendant's activities here were purposeful and there

is a substantial relationship between the transaction and the claim asserted." *Ehrenfeld*, 489 F.3d

at 548 ; *see* Pl. Brf. at 28 (*citing Energy Brands*, 2008 WL 2747276, at *4). Defendants' isolated

sales of art as individuals, for example, are entirely unrelated to Plaintiffs' claims.

1.    **CPLR 302(a) Requires Contacts With a "Strong Nexus" to Plaintiffs' Claims**

CPLR § 302(a) does not reach to the full extent of New York's constitutional power to

assert personal jurisdiction over non-domiciliaries, but instead authorizes personal jurisdiction

only "as to a cause of action *arising from any of the acts enumerated in this section*" (emphasis

supplied). *See Fontanella v. Am. Bd. of Internal Med.*, 421 F.2d 355, 359 (2d Cir. 1970) (no

long-arm jurisdiction because claim did not arise from transaction in New York); *see also*

*Columbia Pictures Indus.*, 435 F.Supp. at 749 (discussing limits of CPLR § 302). The "arising

from" requirement requires a "strong nexus" or "substantial relationship" between the New York

contact and the controversy to support personal jurisdiction. *Beacon Enters.*, 715 F.2d at 764-65.

2.    **Courts in This District Generally Do Not Recognize Long-Arm Jurisdiction Over Defensive Declaratory Judgment Causes of Action**

This limitation to long-arm jurisdiction over claims "arising from" New York contacts

often bars long-arm jurisdiction in a *defensive* declaratory judgment claim, because:

> Courts in this district have held that "the transaction of business by a defendant in New York does not give rise to a declaratory judgment cause of action." *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F.Supp. 858, 863 (S.D.N.Y. 1991). That is, where the plaintiff merely seeks a declaration of its rights, and does not seek relief for some injury, it cannot be said that the cause of action is predicated upon the defendant's in-state business activities. See id. (citing *Columbia Pictures Indus., Inc. v. Schneider*, 435 F.Supp. 742, 749-50 (S.D.N.Y. 1977)). The Second Circuit has approved of this reasoning. See *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 765 (2d Cir. 1983).

*Societe Generale v. Florida Health Scis. Ctr., Inc.*, No. 03 Civ. 5615, 2003 WL 22852656, at *6

(S.D.N.Y. Dec. 1, 2003). As the *Columbia Pictures* court explained, "it is difficult to understand

6363522.6

in what way a cause of action for a declaration that plaintiff did not injure defendants may fairly be said to have arisen out of the defendant's transaction of business in the state." 435 F.Supp. at 749-50. In *Beacon Enterprises*, the Second Circuit found an insufficient nexus between the defendant's commercial activity and a "defensive declaratory judgment" on copyright infringement sought by plaintiffs in response to defendant's cease-and-desist letter. 715 F.2d at 764-65. Similarly, in this case, Plaintiffs seek a defensive declaratory judgment that their *own* acts in New York comply with VARA, based on New York contacts by the Defendants that do not have a "strong nexus" with the controversy, such as sales of artworks that are not in dispute, and which do not support personal jurisdiction over the Defendants for this claim.

3.     **Plaintiffs Fail to Allege New York Contacts With a Sufficiently "Strong Nexus" To Their Tort and Contract Claims**

For their allegations of jurisdiction under CPLR 302(a)(1) and 302(a)(2) for tort and contract claims, Plaintiffs also fail to allege a "strong nexus" to Defendants' New York contacts.

The review of *I Sei Sensi* in New York does not give rise to any cause of action because Plaintiffs merely allege possible future harm. Plaintiffs do not dispute that some of the alleged contacts are insufficient as a matter of law to establish long-arm jurisdiction, such as Matteo's letter regarding *I Sei Sensi*, which is analogous to a cease-and-desist letter, or the collection of a $300 fee in New York to reprint Ms. Sauzeau's essay. *See Yahoo!*, 433 F.3d at 1208; *Optimum Worldwide Ltd. v. Klebener*, No. 95 Civ. 1359, 1996 WL 71500, *3 (S.D.N.Y. Feb. 16, 1996). Plaintiffs' claims arise out of their unilateral contacts with Defendants in Italy, such as the mailing of items such as the Exhibition catalogue and requests for an opinion and issuance of an opinion for *I Sei Sensi* in Italy. *See Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-CV-2744, 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007) (noting "judicial hostility" to claims of personal jurisdiction manufactured by plaintiffs). Finally, Plaintiffs do not cite

authority for their theory that torts were committed in New York because the things that Defendants said later in Italy should have been said earlier when Defendants were in New York.

### 4.      Plaintiffs Fail to Allege Injury in New York From a Tort Outside New York

For their claims that Defendants are subject to jurisdiction for torts outside New York but causing injury within the state, Plaintiffs fail to make a prima facie allegation of the requisite level of substantial revenue from interstate and international commerce to subject the Archivio to New York jurisdiction pursuant to CPLR 302(a)(3). Plaintiffs allege only a handful of sales of artwork over the last 20 years. Moreover, there is not an "injury" within the state simply because the plaintiff is located here. *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) ("Undoubtedly, the exercise of personal jurisdiction must be based on a more direct injury within the state and a closer expectation of consequences within the state than the type of indirect financial loss alleged by [plaintiff].") (citations omitted). Plaintiffs allege potential indirect future harm related to artwork they do not own, which is not an "injury" in New York.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Complaint must be dismissed, with costs awarded to Defendants.

Dated:  New York, New York
        September 4, 2008

CARTER LEDYARD & MILBURN LLP

By:  _____
     Gary D. Sesser
     Ronald D. Spencer
     Judith M. Wallace
     2 Wall Street
     New York, New York  10005
     (212) 732-3200
     *Attorneys for Defendants Archivio Alighiero Boetti,*
     *Agata Boetti, Matteo Boetti and Annemarie Sauzeau*

-20-

6363522.5